# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DIAMINIQUE ADAMS**, *Individually, and on behalf of herself and other similarly situated current and former employees*,

    Plaintiff,

    v.                    **NO.** 2:22-cv-2399

**PRIMUS MEDICAL GROUP, PC**        **FLSA Opt-In Collective Action**
                                                **JURY DEMANDED**

    Defendant.

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

The Parties file this Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). In support of their Joint Motion, the Parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendant failed to pay her all overtime compensation due. (*See generally* ECF No. 1). Defendant denies these allegations and further denies that it violated the FLSA in any respect whatsoever (*See generally* ECF No. 14).

Since Defendant's Answer was filed, the Parties explained what each considered to be the strengths of their respective positions and exchanged several offers and counter offers. Defendant provided Plaintiff with time and pay records. Ultimately an agreement was reached which each Party found to be acceptable in the circumstances.

The Parties wish to avoid expending additional resources on this matter and have reached an agreed-upon resolution. This resolution releases and resolves all claims relating to this matter. Because this Court requires approval of FLSA settlements, the Parties hereby submit their proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

## LAW AND ANALYSIS

Here, the Court should approve the Parties' agreed-upon resolution because (1) it was negotiated and agreed upon in an adversarial context, (2) both sides are represented by experienced labor and employment attorneys, and (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?

2. Was the plaintiff represented by attorneys who can adequately protect her rights?

3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. Indeed, the resolution reached by the Parties was negotiated at arms' length with both Parties represented by experienced labor and

employment counsel who protected the rights of the Parties.[1] The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes about Plaintiff's entitlement to any relief under the FLSA. Defendant, for example, denied that Plaintiff was ever directed to work without clocking in – the crux of Plaintiff's claim. Based on this, Defendant argued that at least it was acting in good faith with respect to the payment for Plaintiff's time, and it should not be responsible for any failure by Plaintiff to use a simple and reasonable system for accurately reporting time worked if, in fact, that occurred.

With the Court's approval, the Parties will have resolved all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs.[2] The settlement provides Ms. Adams more than 100% of her estimated unpaid overtime. The Parties have attached hereto as *Exhibit A* their proposed settlement agreement and release of claims.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an Order forthwith granting their Joint Motion, approving the Parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the

---

[1] Plaintiff's counsel, Jackson Shields, Yeiser, Holt, Owen & Bryant, maintain a boutique nationwide class and collective action wage and hour practice. As a result, Plaintiffs' Counsel understands first-hand the risks, difficulties, and costs associated with preparing and trying FLSA matters, as opposed to negotiating a favorable settlement. Defendant's counsel has practiced labor and employment law for twenty-five (25) years, including acting as defense counsel in numerous FLSA collective action matters.

[2] In addition, an award of attorney' fees under the FLSA "must 'be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiff's counsel is to receive $2,500.00 in fees and expenses. This represents only a small percentage of the time counsel has invested prosecuting this case.

Parties' agreement. The Parties will submit to the Court's CM/ECF inbox a proposed Order granting the relief sought in this Joint Motion.

Dated*:*  October 24th 2022.

                                                  Respectfully Submitted,

*/s/ Robert E. Turner, IV*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
 *gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF*

&

/s/ Kirk A. Caraway
Kirk A. Caraway    (#18578)
**ALLEN, SUMMERS & GRESHAM, PLLC**
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed electronically on this the 24th day of October, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Kirk A. Caraway