IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIAMINIQUE ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-02399-SHL-atc |
| ) | |
| PRIMUS MEDICAL GROUP, PC, ) | |
| ) | |
| Defendant. ) | |

## ORDER APPROVING FLSA SETTLEMENT

On June 21, 2022, Plaintiff Diaminique Adams filed a Complaint against Defendant Primus Medical Group, PC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (ECF No. 1.)

In their Joint Motion for Order Approving Resolution of FLSA Claims, (ECF No. 17), the Parties seek approval of their proposed Settlement Agreement and Release of Claims. (ECF No. 17-1.) For the following reasons, the Court **GRANTS** the Motion.

## BACKGROUND

The Complaint alleges that Defendant failed to pay Plaintiff proper overtime compensation while Plaintiff worked as an hourly-paid employee at Defendant's internal medicine practice in Memphis, Tennessee. (ECF No. 1 at PageID 1.) Specifically, Plaintiff alleges that Defendant required her to work for up to one hour per shift while not "clocked-in" to Defendant's time keeping system. (Id. at PageID 4.) Plaintiff alleges that this amounted to "off-the-clock" work performed in excess of 40 hours per week for which she was not properly compensated. (Id.)

Plaintiff commenced this action on behalf of herself and other similarly situated employees, alleging that Defendant's failure to compensate them for this overtime work violates the FLSA and that they suffered lost wages and other damages as a result. (Id. at PageID 5.) However, Plaintiff did not seek FLSA conditional certification and no other employees opted in. On October 24, 2022, the Parties filed their Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support. (ECF No. 17.) According to the attached proposed Settlement Agreement and Release, Defendant agreed to pay Plaintiff $1,000.00 as 1099 reportable income, with an additional $2,500.00 paid to her counsel for attorney's fees and costs. (ECF No. 17-1 at PageID 59.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three

factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (ECF Nos. 1, 14.) Indeed, the Parties still maintain that they disagree over the merits of Plaintiff's asserted claims. (ECF No. 17 at PageID 57.)

Second, the proposed Settlement Agreement is fair and reasonable. Defendant will pay "more than 100%" of Plaintiff's estimated back wages and a portion of her attorney's fees and expenses. (Id.) In their Motion, both Parties agree that this is a reasonable and fair payment for a release of Plaintiff's FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial. (Id. at PageID 56.)

As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. See id. The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a

fair result.  See 29 U.S.C. § 216(b).  Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion.  Thus, this proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion.  Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of October, 2022.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> UNITED STATES DISTRICT JUDGE